# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Jeffrey T. Gilbert | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6359 | **DATE** | 2/25/2013 |
| **CASE TITLE** | The Cincinnati Insurance Company vs. Ralston Brown, Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiff Cincinnati Insurance Company's Motion to Reconsider [Dkt.#149] is denied. The previously set telephone conference scheduled for 3/4/13 at 2:30 p.m. will stand. *(See* Statement for further details.)

■[ For further details see Statement.]

Notices mailed by Judicial staff.

## STATEMENT

This matter is before the Court on Plaintiff Cincinnati Insurance Company's Motion to Reconsider the Court's Order of February 8, 2013 pursuant to the Federal Rules of Civil Procedure [Dkt.#149]. Plaintiff argues that the Court misunderstood its pleadings and made an error of law in not allowing it to file another motion for summary judgment. The Court disagrees.

Plaintiff's Motion for Summary Judgment, if permitted, would be Plaintiff's second motion for summary judgment and the third time in total that Plaintiff has sought summary judgment. Plaintiff initially filed its own motion for summary judgment, which was denied, and then opposed Defendant Brown's motion for summary judgment by requesting that the Court instead enter summary judgment in its favor. The Seventh Circuit has recognized that "[p]ermitting a second summary judgment motion is essentially a decision concerning case management, and district court judges are in the best position to a make such decisions." *Gordon v. Veneman*, 61 Fed. Appx. 296, at *2 (7th Cir. 2003), citing *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002). As stated on the record during the status hearing on 2/13/13, the Court is not convinced that a third round of summary judgment briefing will result in final disposition of this case.

In the forefront of the Court's analysis is that it must construe all facts favorably to the non-moving party and make all reasonable inferences in that party's favor when resolving a motion for summary judgment. *Eaton v. Ind. Dep't of Corr.*, 657 F.3d 551, 552 (7th Cir. 2011). In other words, Defendant Brown is entitled to all benefit of any doubt with regard to the facts in this case. The Court is particularly sensitive to this, too, because Defendant Brown is proceeding *pro se*. At this time, the Court believes that the interpretation of the Indemnity Agreement is not strictly an interpretation of law based on undisputed facts. Defendant Brown throughout each previous summary judgment motion has disputed enforcement of the October 9, 2008 Indemnity Agreement against him personally. While Defendant Brown ultimately may lose this argument at trial, the Court does not believe it can, and it therefore will not, make that determination on Plaintiff's Motion for Summary Judgment.

With regard to Plaintiff's argument concerning the Schaumburg bond issue, the Court recognizes that Plaintiff is seeking only damages it asserts it incurred relating to the M-11 and M-14 Projects. In its prayer for relief in its summary judgment motion, however, Plaintiff seeks judgment not only on the M-11 and M-14

| STATEMENT |
|---|

bonds but also the Schaumburg bond notwithstanding that Plaintiff did not submit any claims on the Schaumburg bond. In addition, the Court is not convinced that the absence of a signature on the Schaumburg Indemnity Agreement is irrelevant, as Plaintiff argues. Plaintiff relies on the initial Indemnity Agreement signed by Defendant Brown on October 9, 2008 because, as Plaintiff argues, it "specifically provides that it applies not only to the bond associated with that particular indemnity agreement <u>but also to all subsequent bonds applied for an provided by Cincinnati to Ralston Brown</u>." Motion to Reconsider [Dkt.#149], at ¶5.

Plaintiff's argument is not persuasive. First, as discussed above, it ignores the issues raised by Defendant Brown as to validity of the October 9, 2008 Indemnity Agreement as applied to him as an individual indemnitor. Second, Plaintiff also relies on an argument of both strict construction of the language of the Indemnity Agreement and the course of performance of the parties as evidence of the agreement. This, however, raises a question in the Court's analysis as to *which party's* course of performance – Ralston Brown corporately or Defendant Brown individually. Again, as stated above, it very well may be that Defendant Brown ultimately loses this argument at trial. The Court will, however, not make that determination on Plaintiff's Motion for Summary Judgment.

Finally, Plaintiff argues that it has presented facts sufficient to demonstrate Defendant Brown's default under the terms of the October 9, 2008 Indemnity Agreement and that he is liable for all of its costs and expenses under the Indemnity Agreement. Plaintiff also argues that the affidavit of Michael F. Fox is prima facie evidence of Plaintiff's damages. At this time, the Court does not take issue with Plaintiff's position except to says that while the affidavit may be sufficient concerning the costs Plaintiff incurred with regard to the claims made under the M-11 and M-14 bonds, the Court is reluctant to enter judgment on the costs identified as attorneys fees and costs without any additional information or itemized statement of attorneys' fees and costs incurred. Plaintiff further argues that the affidavit has not been credibly contradicted. That argument, however, glosses over the fact that Defendant Brown never responded to Plaintiff's second motion for summary judgment, and the Court refuses to speculate whether Defendant Brown would be able to dispute the affidavit.

For all of the reasons stated above, and as stated on the record and incorporated by reference herein, Plaintiff Cincinnati Insurance Company's Motion to Reconsider [Dkt.#149] is denied.

It is so ordered.